UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


THOMAS WILLIAM BROWNING

      Movant,

v.                                    CRIMINAL ACTION NO. 2:98-00134-01
                                   (Civil Action No. 2:00-0569)

UNITED STATES OF AMERICA

      Respondent


MEMORANDUM OPINION AND ORDER


      Pending is defendant's "MOTION FOR RECALL OF JUDGMENT AND ORDER DENYING 28 U.S.C. §2255, PURSUANT TO RULE 60(b) FED.R.CIV.P. IN LIGHT OF MAYLE V. FELIX" ("Rule 60(b) motion"), filed September 8, 2005.  The motion challenges a Judgment entered by the court over two years earlier, on February 24, 2003.[1]

---

    [1]Movant has not made any subsequent filing since the Rule 60(b) motion.  During a transition period several years ago between court staff handling motions of this type, this filing inadvertently escaped notice.  It likewise did not appear on the particular type of pending motions report generated since that time by the successor clerk due to particular coding choices made when the report was run.  The case also did not appear as a three-year old action inasmuch as it was closed after the February 24, 2003, Judgment and not thereafter reopened.

The basis for the movant's Rule 60(b) motion is that the magistrate judge, in her proposed findings and recommendation, and then this court, in its order and judgment order adopting the same, applied the wrong standard in concluding that one of his grounds for ineffective assistance of counsel was barred by the one-year limitations period applicable to motions filed pursuant to section 2255.[2]  Both the magistrate judge and the undersigned relied upon the standard, which was set forth earlier in United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000).

The Rule 60(b) motion relies exclusively upon the decision in Mayle v. Felix, 545 U.S. 644 (2005), which movant appears to assert modified the Pittman standard.  The decision in Mayle, however, cited Pittman throughout and applied the same standard as used in that intermediate appellate decision, and used by both the magistrate judge and this court.  Compare Mayle, 545 U.S. at 650 (citing Pittman repeatedly and noting "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.")

---

[2]The court of appeals dismissed movant's appeal of the judgment after concluding that a certificate of appealability should not issue.

2

(emphasis added), <u>with</u> Dist. Ct. Ord at 6 ("As the [magistrate judge's] order specifies, the movant's proposed new claims . . . do not relate back to his original claims because they arose from <u>separate occurrences of both time and type</u>.") (emphasis added).[3]

The court, accordingly, ORDERS that the movant's Rule 60(b) motion be, and it hereby is, denied.

The Clerk is further directed to forward copies of this order to counsel of record and the movant.

DATED:  May 12, 2010

_____
John T. Copenhaver, Jr.
United States District Judge

---

[3]In view of its apparent meritless nature, the court need not address if the Rule 60(b) motion is, in actuality, a prohibited second or successive motion pursuant to section 2255.  If so characterized, the movant would have been required, pursuant to 28 U.S.C. § 2244(b)(3)(A), to have first obtained the advance authorization of the court of appeals to pursue his claim under <u>Mayle</u>.  Inasmuch as the <u>Mayle</u> contention comes two years after the Judgment denying movant's section 2255 motion, and relies upon new authority in support, it is quite possibly the case that the motion would fall within the section 2244(b)(3)(A) proscription.